**ROBERTSON TANK LINES, INCOR-
PORATED, Appellant,**

v.

*James RADLEY, Appellee.*

No. 7556.

Court of Civil Appeals of Texas,
Beaumont.

March 7, 1974.

Benckenstein & Norvell, Beaumont, for
appellant.

Dryden & Grossheim, Beaumont, for ap-
pellee.

STEPHENSON, Justice.

This is a venue case. Plaintiff, James
Radley, brought suit to recover damages
for personal injuries. Defendant's plea of
privilege claimed Harris County as its resi-
dence. Plaintiff relied upon Sections 23
and 9a of Article 1995, Vernon's Ann.Civ.
St., to maintain venue in Jefferson County.
Trial was before the court, and the plea of
privilege was overruled. There are no
findings of fact or conclusions of law.
The parties will be referred to here as they
were in the trial court.

Plaintiff's allegations are: He was em-
ployed at Gulf Oil Corporation Refinery in
Port Arthur. Defendant's truck came into
the refinery premises and spilled some slip-
pery substance. Plaintiff stepped into the
substance and fell, injuring himself. De-
fendant was negligent:

1. In allowing the substance to leak
   from its truck;

2. In failing to warn the Gulf Oil Cor-
   poration and its employees that the
   substance was leaking from its
   truck;

3. In failing to clean the substance off
   of the road;

4. In failing to repair whatever defect
   in the truck permitted the substance
   to leak out;

5. Various other negligence.

Plaintiff's evidence showed the follow-
ing: One of the defendant's trucks entered
the refinery gate about the time of the oc-
currence. When it stopped at the refinery
gate, it was leaking or dripping a substance
from the truck upon the ground. Plaintiff
slipped and fell in a slippery substance
upon the public highway outside of the
gate, and the evidence connected the de-
fendant's truck with the substance. The
guard at the gate did not tell defendant's
driver about the truck's leaking as it en-

tered the gate. Plaintiff's fall occurred while the truck was in the refinery. The guard may have told the driver as he left the refinery.

Defendant has points of error that there is no evidence to support a trial court's implied finding that venue is maintained in Jefferson County under either Section 9a or Section 23 of Article 1995, V.A.C.S. Those points are sustained.

Section 9a specifically provides that the venue facts which a plaintiff must prove by a preponderance of the evidence include an act or omission of negligence which proximately caused the plaintiff's injuries. Section 23 provides that suits against private corporations may be brought in the county in which the cause of action or a part thereof arose. Under both of these sections, plaintiff was obligated to prove negligence which he failed to do.

This case is controlled by the law stated by the Texas Supreme Court in Houston Lighting & Power Company v. Brooks, 161 Tex. 32, 336 S.W.2d 603 (1960). Even though plaintiff was injured in the case before us by slipping in a substance on the highway, this is not to be confused with the usual "slip and fall" case. This suit is not against an owner-occupier brought by an employee or invitee. The suit before us is founded solely upon negligence; and, as said by the Supreme Court in the *Brooks* case, the relationship of the parties is important in determining the duty owed by one party to the other. There, as well as here, under the undisputed facts whatever duty is owed by defendant to plaintiff is as a member of the public and not as an employee or as an invitee of defendant.

As stated in the *Brooks* case at 606:

"If the reason to anticipate injury is not established, then no duty arises to act to prevent such an unanticipated injury.

" 'Negligence rests primarily upon two elements: (1) reason to anticipate injury, and (2) failure to perform the duty arising on account of that anticipation. The ability to have foreseen and prevented the harm is determinative of responsibility.' 30–B Tex.Jur., p. 179, Sec. 8."

In the case before us, there is no evidence that defendant or its truck driver knew a slippery substance was dripping from the truck. Applying the law of the *Brooks* case to the one before us, in the absence of actual knowledge on the part of defendant or its truck driver of the existence of the dangerous situation (the pool of slippery substance on the highway), such facts must be shown as would amount to constructive knowledge on the part of defendant as to the hazardous situation. We find no facts in this record upon which to base constructive notice to defendant.

Defendant and its truck driver were under a duty to remove the dangerous condition only if they had reason to anticipate an injury as a foreseeable consequence of their failure to remove the dangerous condition. Without actual or constructive knowledge of the dangerous condition by defendant or its truck driver, the law of this state does not impose a duty to correct the dangerous condition. The essential elements of negligence have no support in the evidence. See Wilson v. Duever, 373 S.W.2d 339 (Tex.Civ.App., San Antonio, 1963, error ref., n. r. e.); D. Ortega and Sons v. El Paso Electric Company, 381 S.W.2d 147 (Tex.Civ.App., El Paso, 1964, no writ); Shell Oil Company v. Mahler, 385 S.W.2d 684 (Tex.Civ.App., Fort Worth, 1964, error ref., n. r. e.).

Reversed and remanded with instructions to the trial court to transfer this case to Harris County.

Reversed and remanded.